IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY PARMLEY,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>P.D. BRAZELTON,<br><br>　　　　　　　　Respondent. | **Case No. 1:12-cv-00664 AWI MJS (HC)**<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Alice Su of the office of the California Attorney General.

**I.　　PROCEDURAL BACKGROUND**

　　　　Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on February 3, 2010, for unlawful possession of a syringe while in state prison. (Clerk's Tr. at 214-17.) The trial court also found Petitioner had committed four prior felonies under California's Three Strikes Law and sentenced Petitioner to serve an indeterminate term of twenty-five (25) years to life. (Id.)

　　　　Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate

District, which was denied on March 2, 2011. (Lodged Docs. 4-7.) On April 4, 2011, Petitioner filed a petition for review with the California Supreme Court. (Lodged Doc. 8.) The petition was summarily denied on May 11, 2011. (Lodged Doc. 9.)

Petitioner did not file any collateral appeals to his conviction in state court. On April 26, 2012, Petitioner filed the instant federal habeas petition. (Pet., ECF No. 1.) Petitioner raises a single claim of relief, namely that the trial court abused its discretion in refusing to dismiss any of Petitioner's prior strikes. (See generally, Pet.)

Respondent filed an answer to the petition on August 8, 2012, and Petitioner filed a traverse on August 30, 2012. (Answer & Traverse, ECF Nos. 13, 15.)

## II. STATEMENT OF THE FACTS[1]

> A correctional officer found a syringe in appellant's rear pants pocket while conducting a routine security inspection at Avenal State Prison. A jury in a bifurcated trial found appellant guilty of unauthorized possession of drug paraphernalia, a felony, (Pen.Code, § 4573.6)[1] and found true that appellant was previously convicted of four serious and/or violent felonies bringing him within the scheme of the Three Strikes law (§§ 667, subds.(b)-(i); 1170.12, subds. (a)-(d)). At sentencing, defense counsel moved to strike the prior convictions pursuant to section 1385 and People v. Superior Court (Romero) (1996) 13 Cal.4th 497 (Romero). The trial court, aware of its authority to strike the prior serious felony convictions, declined to do so and sentenced appellant to an indeterminate sentence of 25 years to life.
>
> FN1. All further statutory references are to the Penal Code unless otherwise indicated.
>
> On appeal, appellant contends the trial court failed to consider "all relevant sentencing factors," and "viable sentencing alternatives," resulting in a "grossly excessive sentence undermining federal fairness in violation of [appellant's] constitutional right to due process under the Fourteenth Amendment." We disagree and affirm the judgment.

(Lodged Doc. 7, at 2.)

## II. DISCUSSION

### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in

---

[1] The Fifth District Court of Appeal's summary of the facts in its March 2, 2011 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

### B. Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

#### 1. Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams, 529 U.S. at 405-06.

1  "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" <u>Panetti v. Quarterman</u>, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" <u>Musladin v. Lamarque</u>, 555 F.3d 830, 839 (2009).  For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003).  A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable." <u>Id.</u> at 75-76, quoting <u>Williams</u>, 529 U.S. at 409-10; <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002). In <u>Harrington v. Richter</u>, the Court further stresses that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing <u>Williams</u>, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Id.</u> at 786 (citing <u>Yarborough v. Alvarado</u>, 541 U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." <u>Id.</u>; <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." <u>Knowles v. Mirzayance</u>, 129 S. Ct. 1411, 1419 (2009), quoted by <u>Richter</u>, 131 S. Ct. at 786.

    2.   Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption. <u>Id.</u> at 804; <u>Plascencia v. Alameida</u>, 467 F.3d 1190, 1198

4

(9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id. To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3. Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002). Musalin v. Lamarque, 555 F.3d at 834.

## III. REVIEW OF PETITION

### B. Failure of Trial Court to Use Discretion During Sentencing

In his only claim, Petitioner argues that the trial judge failed to use discretion to strike Petitioner's prior felonies resulting in a grossly disproportionate sentence. (Pet.)

#### 1. State Court Decision

The last reasoned decision denying Petitioner's claim was that of the Fifth District Court of Appeal. In denying Petitioner's claim, the appellate court explained:

> On appeal, appellant contends the trial court failed to consider "all relevant sentencing factors," and "viable sentencing alternatives," resulting in a "grossly excessive sentence undermining federal fairness in violation of [appellant's] constitutional right to due process under the Fourteenth Amendment." We disagree and affirm the judgment.
>
> **DISCUSSION**
>
> A trial court's discretion to strike prior felony conviction allegations is limited to those instances "in furtherance of justice." (§ 1385, subd. (a); Romero, supra, 13 Cal.4th at p. 530.) Exercise of such discretion is subject to review for abuse. (Ibid.) A court's refusal to strike a prior conviction allegation is also subject to review under the deferential abuse of discretion standard. (People v. Carmony (2004) 33 Cal.4th 367, 374 (Carmony).) "[A] trial court does not abuse its discretion unless its

[sentencing] decision is so irrational or arbitrary that no reasonable person could agree with it." (Id. at p. 377.)

Furthermore, the Three Strikes law "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (Carmony, supra, 33 Cal.4th at p. 378.) Thus, a court abuses its discretion in failing to strike a prior felony conviction allegation in only limited circumstances, such as when it was not aware of its discretion to dismiss, considered impermissible factors in declining to dismiss, or failed to correct an arbitrary, capricious or patently absurd result of application of the Three Strikes law under the specific facts of a particular case. (Ibid.)

In considering a defendant's invitation to strike a prior felony conviction allegation, both the trial court and the reviewing court, "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part." (People v. Williams (1998) 17 Cal.4th 148, 161 (Williams).)

The purpose of the Three Strikes law is expressly set forth within its provisions: "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b); see People v. Strong (2001) 87 Cal.App.4th 328, 338 (Strong).) Accordingly, "extraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (Strong, supra, 87 Cal.App.4th at p. 338.) "[T]he circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (Carmony, supra, 33 Cal.4th at p. 378.)

We fail to find such extraordinary circumstances here. Appellant contends the trial court failed to consider a number of facets of the current offense, namely that it was non-violent in nature, appellant was cooperative with authorities, and no drugs were found to be involved. Contrary to appellant's assertion, however, the court specifically addressed the offense, and found it constituted dangerous conduct within the confines of a lock-down facility. Furthermore, "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law. [Citation.]" (Strong, supra, 87 Cal.App.4th at p. 344.)

Appellant has a long criminal history, extending back to 1967. His arrest record indicates numerous violent crimes, a parole violation, use of firearms, and drug offenses leading up to the 1992 sexual misconduct crimes for which he is currently serving a 39 year sentence. The prior strikes comprise charges of two assaults with a deadly weapon, (§ 245, subd. (a)); attempted rape (§§ 664, 261, subd. (a)(4)); and offering to sell a controlled substance to a minor. (Health & Safety Code, § 11353.) With respect to appellant's contention the strikes were remote, with the last two occurring in 1992, we note appellant has been incarcerated since that time, which suggests he could only maintain long-term lawful conduct while in prison, a streak which ended when he was found in possession of

> drug paraphernalia. He is certainly the type of career criminal the Three Strikes law intended to reach. (See Williams, supra, 17 Cal.4th at pp. 162-163; Strong, supra, 87 Cal.App.4th at pp. 338-340.)
>
> Appellant also asserts the court failed to consider alternate sentences, time served, appellant's age, and appellant's potential, or lack thereof, to reoffend. We can sum these up as factors that pertain to the court's examination of appellant's background, character and prospects, (see Williams, supra, 17 Cal.4th at p. 161) and are not persuaded the trial court failed to take these factors into consideration. "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary. [Citation.]" (People v. Myers (1999) 69 Cal.App.4th 305, 310; see also Carmony, supra, 33 Cal.4th at p. 378.) Thus, "[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (Myers, supra, 69 Cal.App.4th at p. 310.)
>
> The record before us demonstrates the court understood its discretionary authority and weighed the competing facts to reach a reasonable conclusion in conformity with the spirit of the law. After evaluating the entirety of that information, the court drew its ultimate conclusion and declined to exercise its discretion to strike any of the priors. In view of these facts and circumstances, appellant has failed to show this was an irrational or arbitrary exercise of discretion.

People v. Parmley, 2011 Cal. App. Unpub. LEXIS 1587, 2-7 (March 2, 2011).

    2.    <u>Analysis</u>

Petitioner does not allege that the sentence he challenges was imposed under an invalid statute or that it was in excess of that actually permitted under state law. Cf. Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which the conviction was based); see also Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976) (So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern.") Rather, Petitioner merely claims that the trial court abused its discretion under state law in denying his Romero motion and erred in its application of state sentencing law. Absent fundamental unfairness, federal habeas corpus relief is not available for a state court's misapplication of its own sentencing laws. Estelle v. McGuire, 502 U.S. 62, 67

1  (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (1986); Christian v. Rhode, 41 F.3d
2  461, 469 (9th Cir. 1994) (federal habeas relief unavailable for claim that state court
3  improperly relied upon a prior federal offense to enhance punishment); Miller v.
4  Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that a prior conviction was not a
5  "serious felony" under California sentencing law not cognizable in federal habeas
6  proceeding). To state a cognizable claim for federal habeas corpus relief based on an
7  alleged state sentencing error, a petitioner must show that the alleged sentencing error
8  was "so arbitrary or capricious as to constitute an independent due process" violation.
9  Richmond v. Lewis, 506 U.S. 40, 50 (1992).

10      Here, Petitioner cannot show that the state sentencing court's decision was
11  arbitrary or capricious. The sentencing judge declined to strike petitioner's prior
12  convictions for purposes of sentencing after thoroughly considering the relevant
13  circumstances and applicable state sentencing law. The state appellate court, in turn,
14  also carefully considered those factors in rejecting petitioner's contention on appeal that
15  the sentencing court abused its discretion under state law. Under these circumstances,
16  Petitioner fails to demonstrate an independent due process violation and the state
17  courts' rejection of Petitioner's Romero claim is not contrary to, or an unreasonable
18  application of federal law. See Lopez v. Virga, 2012 U.S. Dist. LEXIS 155592 (E.D. Cal.
19  Oct. 29, 2012). Accordingly, Petitioner is not entitled to federal habeas relief with respect
20  to this claim.

21      Even if Petitioner asserts that the duration of his punishment was cruel and
22  unusual under the Eighth Amendment, his claim would fail. The Supreme Court has
23  held, in the context of AEDPA review of a California Three Strikes Law sentence, that
24  the relevant, clearly established law regarding the Eighth Amendment's proscription
25  against cruel and unusual punishment is a "gross disproportionality" principle, the
26  precise contours of which are unclear and applicable only in the "exceedingly rare" and
27  "extreme" case. Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003) (discussing decisions in
28  Harmelin v. Michigan, 501 U.S. 957 (1991), Solem v. Helm, 463 U.S. 277 (1983), and

Rummel v. Estelle, 445 U.S. 263 (1980)); Ewing v. California, 538 U.S. 11, 23 (2003). "Successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90.

Generally, the Supreme Court has upheld prison sentences challenged as cruel and unusual, and in particular, has approved recidivist punishments similar to or longer than Petitioner's 25 years to life sentence, for offenses of equivalent or lesser severity. See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment disproportionality challenge to Three Strikes sentence of two consecutive terms of 25 years to life for stealing $150.00 in videotapes when petitioner had a lengthy but nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence without parole for first offense of possession of more than 650 grams of cocaine is not so disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-75 (1982) (per curiam) (upholding non-recidivist sentence of two consecutive 25 prison terms for possession of nine ounces of marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates Eighth Amendment).

Moreover, in cases arising on habeas review following the Supreme Court's decisions in Andrade and Ewing, the Ninth Circuit has frequently rejected Eighth Amendment challenges to California's Three Strikes Law sentences. See, e.g., Nunes v. Ramirez-Palmer, 485 F.3d 432, 439 (9th Cir. 2007) (sentence of 25 years to life for crime of petty theft with a prior did not offend the Constitution where petitioner had extensive and serious felony record); Taylor v. Lewis, 460 F.3d 1093, 1101-02 (9th Cir. 2006) (no Eighth Amendment violation where petitioner with prior offenses involving violence was sentenced to 25 years to life for possession of .036 grams of cocaine base); Rios v. Garcia, 390 F.3d 1082, 1086 (9th Cir. 2004) (sentence of 25 years to life for offense of petty theft with a prior imposed on petitioner with two prior robbery convictions was not objectively unreasonable); cf. Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004) (finding that habeas relief was warranted in "exceedingly rare" case where petitioner with

minimal criminal history and no prior state prison sentence received a Three Strikes sentence for offense of petty theft with a prior); Gonzalez v. Duncan, 551 F.3d 875 (9th Cir. 2008) (life sentence under California's Three Strikes law, triggered by a failure to register as a sex offender, violated the Eighth Amendment proscription against cruel and unusual punishment because there was no "rational relationship" between a failure to register and the probability defendant would recidivate as a violent criminal or sex offender).

Here, Petitioner was sentenced to 25 years to life in prison for possession of a syringe while in prison, and a finding that he had previously suffered at least four prior serious felony convictions including two assaults with a deadly weapon, an attempted rape, and offering to sell a controlled substance to a minor. People v. Parmley, 2011 Cal. App. Unpub. LEXIS 1587 *5. First, Petitioner's sentence was less than that of the defendants in Andrade and Harmelin, and allows for the possibility of parole unlike in Solem. See Andrade, 538 U.S. at 74; Taylor, 460 F.3d at 1098 (eligibility for parole, albeit after 25 years, made California Three Strikes sentence "considerably less severe than the one invalidated in Solem"). Further, Petitioner sustained four prior serious felony convictions as compared to Taylor's two prior serious or violent felonies. Id. at 1098. Thus, Petitioner's criminal history was more violent and serious than the criminal histories considered by the Supreme Court in approving the recidivist sentences at issue in Andrade (three burglaries) and Ewing (three burglaries and one robbery).

For all of the above reasons, and in light of controlling jurisprudence, this Court cannot find that Petitioner's sentence is grossly disproportionate to his commitment offense. Thus, the state court's rejection of this claim was not contrary to or an unreasonable application of federal law. Accordingly, Petitioner's claim should be rejected.

## IV. **RECOMMENDATION**

Accordingly, it is hereby recommended that the petition for a writ of habeas corpus be DENIED with prejudice.


This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 30, 2013                              /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE